# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **JESSIE RAY THACKER, JR.,** ) | |
| ) | |
| Plaintiff, ) | Case No. 7:22CV00239 |
| ) | |
| v. ) | **OPINION** |
| ) | |
| **OASIS, ET AL.,** ) | Judge James P. Jones |
| ) | |
| Defendants. ) | |
| ) | |

*Jessie Ray Thacker, Jr., Pro Se Plaintiff.*

Jessie Ray Thacker, Jr., a former Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  He alleges that he was denied free postage, free envelopes, and donated books while in jail.  After filing this case, Thacker was released from incarceration and has moved to proceed in forma pauperis.  Upon review of the record, I will grant him in forma pauperis status, but I conclude that the action must be summarily dismissed for failure to state a claim.

When Thacker filed his § 1983 Complaint, he was confined at the Southwest Virginia Regional Jail in Duffield, Virginia.  His allegations are sparse:

> Asked about envelopes for people who was [sic] indigent.  Asked about the Postage allowance.  Forced to order from commissary "Oasis" and billed, putting me further in debit with the jail system.
>
> Being forced to donate the books we inmates had sent to us via charitable organizations.  The packages opened without con[s]ent or

> knowledge, name of sender withheld, and not able to receive books until library day a week later.

Compl. 2, ECF No. 1.  Thacker names Oasis and the jail as defendants.  As relief, he wants "[t]he people of Southwest Virginia given the money that was 'stolen.'"  *Id.*

Under 42 U.S.C. § 1997e(c)(1), the court may dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted."  A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face."  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Thacker's first claim alleges that being held financially responsible for envelopes and postage for his outgoing mail somehow violated his constitutional rights.  He is mistaken.  Inmates have no absolute right to free mail.  *Hershberger v. Scaletta*, 33 F.3d 955, 957 (8th Cir. 1994) ("[I]ndigent inmates have no constitutional right to free postage for nonlegal mail.");  *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) ("It is well settled that '[p]risoners do not have an unlimited right to free postage in connection with the right of access to the courts.  Reasonable

regulations are necessary to balance the rights of prisoners with budgetary considerations.") (citation omitted). Accordingly, it is not unconstitutional for the jail to require prisoners to agree to pay for the costs of their own outgoing mail.[1] I will summarily dismiss Thacker's first claim.

His second claim complains that when charitable organizations mail inmates a book, jail policy requires donation of that book to the jail library without the recipient's consent. Thacker does not allege that jail officials applied this policy to him at any time, suggesting that he wishes to litigate this issue on behalf of others. Because he is not an attorney, however, he is not permitted to represent any persons in federal court other than himself. 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). In any event, if Thacker could state facts about a book sent to him being donated to the library under the jail policy, I find no infringement of a constitutional right at stake. At the most, the policy provides that the inmate can

---

[1] Thacker does not indicate whether his outgoing mail was personal or related to some court action. Even if Thacker's affected mail was related to a court action, he has not alleged injury to any nonfrivolous legal claim that he sought to litigate, as required to state a viable claim of denial of court access. *Fox v. N.C. Prison Legal Servs.*, 751 F. App'x 398, 400 (4th Cir. 2018) (unpublished) (holding key element of access to courts claim is "whether [the plaintiff] adequately identified a nonfrivolous underlying claim") (citing *Christopher v. Harbury*, 536 U.S. 403, 413–16 (2002)).

receive the donated book through the library within a week. I will summarily dismiss this claim as well.

For the reasons stated, I will summarily dismiss this action pursuant to 42 U.S.C. § 1997e(c)(1), for failure to state a claim upon which relief could be granted.

A separate Final Order will be entered herewith.

DATED: October 21, 2022

/s/  JAMES P. JONES
Senior United States District Judge